## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Support Working Animals, Inc., a Florida Corporation; Kacer Kennel, LLC, a Florida Limited Liability Company; Capabal Kennel, Inc., a Florida Corporation, Michael Gerard, a Florida individual; Sharon Dippel, a Florida individual; Gloria Thomas, a Florida individual; Seminole Animal Supply, Inc. a Florida Corporation, Don Jarrett Greyhound Transportation; Jan George Kennels, LLC, a Florida Limited Liability Company,

**Case No**. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Plaintiffs**,

**-vs.-**

Ron DeSantis, in his official capacity as Florida Governor, Laurel Lee, in her official capacity as Florida Secretary of State, and Ashley Moody, in her official capacity as Florida Attorney General,

**Defendants**.

## PRELIMINARY STATEMENT

[¶1]    In the November 2018 General Election, the electors of the State of Florida approved Amendment 13, now codified as Article 10, §32 of the Florida Constitution, (hereinafter referred to as "**Amendment 13**") that states:

> The humane treatment of animals is a fundamental value of the people of the State of Florida. After December 31, 2020, a person authorized to conduct gaming or pari-mutuel operations may not race greyhounds or any member of the *Canis Familiaris* subspecies in connection with any wager for money or any other thing of value in this state, and persons in this state may not wager money or any other

thing of value on the outcome of a live dog race occurring in this state. The failure to conduct greyhound racing or wagering on greyhound racing after December 31, 2018, does not constitute grounds to revoke or deny renewal of other related gaming licenses held by a person who is a licensed greyhound permitholder on January 1, 2018, and does not affect the eligibility of such permitholder, or such permitholder's facility, to conduct other pari-mutuel activities authorized by general law. By general law, the legislature shall specify civil or criminal penalties for violations of this section and for activities that aid or abet violations of this section.

[¶2]    Amendment 13 has set a dangerous precedent in the state of Florida because the new language in Florida's constitution implies that the state of Florida now provides animals certain rights, without establishing exactly what those "rights" are.

[¶3]    While most voters in the state of Florida might like to believe that animals are regarded as something greater than personal property, Florida's statutes and case law clearly and unambiguously state the contrary.  In reality, the state of Florida regards animals only as chattel, i.e., personal property.

[¶4]    However, Amendment 13 now elevates the rights of animals to something beyond that of chattel, but not all animals, only *canis familiaris*, dogs; as it prohibits wagering on the racing of any subspecies of *canis familiaris,* it does not prevent the wagering on the racing of other animals.  In other words, Amendment 13 creates a mysterious new set of rights that directly conflict with the existing laws in the state of Florida.

[¶5]    Additionally, it is obvious that the purpose of Amendment 13 was not to prohibit wagering on live greyhound racing, because placing bets while in the state of Florida on live dog races occurring outside the state of Florida will still be legal.

[¶6]    The stated legitimate government interest of Amendment 13 is the humane treatment of animals, or rather, because animals are regarded as property, the "humane" treatment of another person's personal property.

[¶7]    There are three fundamental rights that are so important to the citizenry of the United States that they are written in the U.S. Constitution twice.  Pursuant to the Fifth and the Fourteenth Amendments of the United States Constitution, no citizen may be deprived of life, liberty, or property without due process of law.  These fundamental rights are incorporated to the states by the Fourteenth Amendment of the United States Constitution.

[¶8]    These rights are also enumerated in the Constitution of the State of Florida pursuant to Article I, § 2 stating that "[a]ll natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property[,]" and Article I, § 9 stating that "[n]o person shall be deprived of life, liberty or property without due process of law . . .."

[¶9]    Greyhound racing has been a legal and thriving industry in the State of Florida since as early as the 1920's and was codified in the Florida statutes in 1931.  Florida's state legislature has passed laws regulating the treatment of the racing greyhounds.  There is no evidence that the regulation of the industry was not working.  Now, because of Amendment 13, many citizens in the State of Florida will be deprived of the use of their property in an otherwise legal industry, many of whom have owned family businesses participating in greyhound racing spanning three or four generations.

[¶10]   Amendment 13 escaped the checks and balances that are traditionally afforded to proposed legislation because of the vehicle that was used to get it on the ballot; the Constitutional Revision Committee.

[¶11]   By codifying Amendment 13 into the Florida Constitution, Florida has violated its own Constitutional provisions as well as violating Article VI, Clause 2 of the United States

Constitution, commonly referred to as the Supremacy Clause, which established that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions.  The United States Constitution is the supreme law of the land and a state constitution cannot provide a lower level of protection.

[¶12]  Because Amendment 13 impinges on a basic inalienable right strict scrutiny should apply upon review of the constitutionality of Amendment 13.  No due process was afforded to those that have been and will be affected by Amendment 13.  This sets an extremely dangerous precedent that an individual may now be dispossessed of personal property at the pleasure of the mob in violation of one of the bedrock principles of the laws of the United States that our nation is not a pure democracy; instead it is a democratic republic.  U.S. Const. Art. IV, §4.

[¶13]  In a pure democracy, the voting majority has almost limitless power over the minority and rights can be overridden by the will of the majority.  In a republic, laws are made by representatives chosen by the people and they must comply with a constitution specifically protecting the rights of the minority from the will of the majority.

[¶14]  By side-stepping the elected representatives of the State of Florida, the majority exercised its unlimited power over a minority group thereby forever depriving them of making a living by the use of their own property in an industry successfully regulated in the State of Florida for almost an entire century.

[¶15]  Plaintiffs, Support Working Animals, Inc., et al., collectively through their undersigned attorneys and for its Complaint, alleges the following against the Defendants:

## THE PARTIES

### PLAINTIFFS

[¶16]   Plaintiff, Support Working Animals, Inc. (SWA), is a registered 26 U.S.C. § 501(c)(4) corporation operating in the State of Florida and organized for the purpose of educating the public and legally defending members of the public as needed regarding the historical and current roles which working livestock, and sporting animals play in people's lives, and the purposes which such animals serve.   SWA is an all-volunteer organization whose volunteers are passionate about participating in activities thorough out the United States which promote the humane ownership and breeding of animals.   SWA is entirely funded by donations and has no paid officers.   SWA is dedicated to ensuring those persons who own pets, sporting animals, working animals, or service animals are able to continue to have their rights of ownership protected.

[¶17]   SWA volunteers attend events to educate the public on the importance of service animals to disabled persons and veterans; SWA volunteers educate the public via social media and the internet in regards to legislation in states which may affect citizens' rights to own animals for agriculture, hunting, sporting activities, service to disabled persons/military, K9 police dogs, or companionship; SWA volunteers attend events such as dog shows, state fairs, rodeos, and other events to educate the public on the importance of preserving human-animal relationships while ensuring animals are treated respectfully and humanely; SWA volunteers educate the public on how they can in turn work in their respective states to preserve the rights of animal ownership; SWA volunteers assist to legally defend the rights of animal ownership. Some SWA members also own and race dogs in the State of Florida and are materially affected by Article 10 §32 of the Florida Constitution.

[¶18]   Plaintiffs Kacer Kennel, LLC, Capabal Kennel, Inc., Michael Gerard, Sharon Dippel, Gloria Thomas, Seminole Animal Supply, Inc., Don Jarrett Greyhound Transportation and Jan George Kennels, LLC, are all similarly situated in that they all have businesses directly involved with the greyhound racing industry throughout the State of Florida; many of whom are third and fourth generation family businesses.  Each of the Plaintiffs has dedicated themselves to training, transporting, breeding and racing greyhounds.  These individuals and entities in the State of Florida and their employees will lose not only their businesses and income, but their heritage and identity through the state's unconstitutional taking under Amendment 13.

## DEFENDANTS

[¶19]   Defendant is the State of Florida represented by the governor, secretary of state and attorney general.

[¶20]   During the November 2018 General Election, the voters of the State of Florida approved and adopted Amendment 13 implemented as Article 10, § 32 of the Florida Constitution, which prohibits wagering on live greyhound racing.

[¶21]   Defendants are charged with enforcing the Constitution and laws of the State of Florida and are affirmatively charged with enforcing civil or criminal penalties specified by the Florida legislative body for violations thereof.

## JURISDICTION AND VENUE

[¶22]   This Court has jurisdiction because this action arises out of the Fifth and Fourteenth Amendments as well as the Commerce Clause of the United States Constitution. See 28 U.S.C. § 1331.

[¶23]   This Court has jurisdiction to grant relief under the Declaratory Judgment Act. See 28 U.S.C. §§ 2001 and 2202.

[¶24]   This action for declaratory relief is brought pursuant to Fla. Stat. § 86.021 to determine the constitutionality of Amendment 13.

[¶25]   This Complaint seeks redress to prevent imminent violations of the Plaintiffs' fundamental rights guaranteed under the Constitution of the United States and 42 U.S.C. § 1983 specifically seeking redress for the imminent deprivation of property from any person acting under color of state law.

[¶26]   Plaintiffs have suffered injury-in-fact that is concrete and actual or imminent because Amendment 13 seeks to render Plaintiffs' business practices unlawful thereby depriving the Plaintiffs of their property rights in a fashion that violates the fundamental rights afforded under the United States and Florida's Constitution.

[¶27]   Venue is proper under 28 U.S.C. § 1391(b)(1) ("a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.") and 28 U.S.C. § 1391(b)(2) (the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

### NATURE OF ACTION AND FACTS

[¶28]   Greyhound racing has always been and still is legal in the State of Florida.  The State of Florida legalized gambling in 1931.  "*A Review of the Method of Granting Additional Pari-Mutuel Operation Days*," Florida Senate Committee on Commerce, March 1987 and Chapter 14832, L.O.F. (1931).

[¶29]   Since the legalization of gambling in the State of Florida, Florida's state legislature has passed laws regulating wagering on the outcome of a dog race.  See e.g. Florida Statutes, Chapter 550 (Florida Pari-Mutuel Wagering Act).

[¶30]   The legalization of gambling and the regulation of dog racing created an industry in Florida centered around greyhound racing.

[¶31]   People in this industry earn a living and make substantial investments of both time and money in the State of Florida and the State of Florida has benefitted from the dog racing industry both economically through taxation and socially by providing an entertainment venue.

[¶32]   The proposed government interest asserted in Amendment 13 is the "humane treatment of animals."

[¶33]   Amendment 13 mentions no other species of animal except *Canis Familiaris*, i.e., dogs.

[¶34]   Under the laws of the State of Florida animals are considered tangible personal property.

[¶35]   The Fifth Amendment to the United States Constitution states that "no one shall be deprived of life, liberty or property without due process of law."

[¶36]   The Fourteenth Amendment, ratified in 1868, states that "no state shall make or enforce any law . . . [that will] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[¶37]   According to stare decisis in the State of Florida, dogs are classified as tangible personal property.

[¶38]   Racing greyhounds are dogs and are considered tangible personal property under current Florida statutory, constitutional, and case law.

[¶39]   With the passage of Amendment 13, the Florida Constitution, Article 10, §32, now directs the Florida legislature to enact legislation to civilly or criminally penalize owners of

racing greyhounds who would use their personal property for its intended investment-backed purpose thus ending the dog racing industry in Florida.

[¶40]   Amendment 13 does not prohibit wagering on the outcome of simulcast greyhound races from other states. (pg. 36-39, 4/16/2018 CRC Vol3 Transcript)]

[¶41]   Due process was not afforded to those individuals that have been and will be affected by Amendment 13 prior to its passage.

[¶42]   The proposal to amend Florida's Constitution to make the wagering on the outcome of a dog race illegal in the State of Florida did not originate in the Florida legislature. Instead, proponents of the proposal sought to use the Constitution Revision Commission (CRC) to circumvent legislative oversight.

> In 1968, the Florida Legislature created the Constitution Revision Commission (CRC) that would meet every 20 years to make changes and additions to the state Constitution.  Made up of 37 Florida citizens, this Commission is the only one of its kind in the nation.  Through a series of public meetings, issue research by appointed subcommittees and thorough discussions, the Commission drafts proposed changes to the Constitution for inclusion on Florida's general election ballot.

http://www.aif.com/crc/.

[¶43]   Proponents of Amendment 13 sought to use the CRC to amend Florida's Constitution because Florida's legislature refused to do so.   Hank Coxe, one of the 37 commissioners on the CRC, admitted that the proposed Constitutional amendment was put forward because the CRC wanted an "emotional issue" on the ballot. https://www.jaxdailyrecord.com/article/hank-coxe-politics-controlled-florida-constitution-revision-commission?amp&__tw.

[¶44]   The CRC process was intended to provide for citizens' input, but instead was hijacked by political interests according to CRC Commissioner Hank Coxe.  Id.

[¶45]   Amendment 13 was never vetted by the legislature to determine its constitutionality, was placed on the 2018 ballot and passed to become Article 10, §32 of the Florida Constitution.  In the exercise of its police power to implement Article 10, §32 of the Florida Constitution the State of Florida bypassed the checks and balances of its three branches of government and executed a taking thus depriving those working in the industry of dog racing in the State of Florida their livelihood.  Because Article 10, §32 of the Florida Constitution was never vetted by any representative branch of government or subject to any check or balance Article 10, §32 of the Florida Constitution is subject to strict scrutiny.

[¶46]   This taking by the State of Florida is further subject to strict scrutiny because the fundamental right to use one's property is protected by the Constitution, and the preservation of such right is one of the inherent or inalienable rights protected by the constitutions of the United States and Florida.

[¶47]   The fundamental right to earn a livelihood cannot be taken away by special enactment, but the same is subject to proper and reasonable police regulations.

[¶48]   At the same time special interests pursued an agenda to end dog racing in Florida the horseracing industry has been left unchallenged.  Horseracing has the same pedigree in Florida as dog racing yet Florida terminated the wagering on dog races, continues to regulate the wagering on horse races, and allows the wagering on the racing of any other animals.  There is no justification for the unequal treatment of banning the wagering on dog races and allowing the wagering on all other animal races.  By choosing to ban as opposed to regulate the unequal treatment by Article 10, §32 of the Florida Constitution is subject to strict scrutiny.

## CAUSES OF ACTION

### COUNT ONE
### Violation of the Takings Clause (Fifth and Fourteenth Amendments of the United States Constitution) 42 U.S.C. § 1983

[¶49]   Plaintiffs re-allege and incorporate all prior paragraphs and allegations referenced herein.

[¶50]   Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief, and to challenge Article 10, §32 of the Florida Constitution both facially and as applied.

[¶51]   By eliminating wagering on dog races Article 10, § 32 of the Florida Constitution deprived the property owners engaged in the commercial enterprise of racing dogs in the State of Florida of substantially all economically beneficial or productive use of their property and return on their investments.

### COUNT TWO
### Deprivation of Equal Protection (42 USC § 1983 and the Fourteenth Amendment of the United States Constitution) 42 U.S.C. § 1983

[¶52]   Plaintiffs re-allege and incorporate all prior paragraphs and allegations referenced herein.

[¶53]   Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief, and to challenge Article 10 §32 of the Florida Constitution both facially and as applied.

[¶54]   The State of Florida acted arbitrarily by eliminating wagering on dog racing and should have regulated wagering on dog racing not eliminated wagering on dog racing, thus treating wagering on dog racing the same as wagering on horse racing.

[¶55]   Those who participated in the dog racing industry have been targeted as a politically unpopular group and Article 10, § 32 of the Florida Constitution was specifically designed to harm those who earn a living on racing dogs.   Article 10, § 32 of the Florida Constitution denies equal protection because the State of Florida allows wagering on all other animal racing and only prohibits wagering on dog racing; one particular type of animal racing now considered politically unpopular.   Article 10, § 32 of the Florida Constitution is not rationally related to a legitimate governmental purpose.

**COUNT THREE**
**Impairment of Contracts (Tenth Amendment of the United States Constitution)**

[¶56]   Plaintiffs re-allege and incorporate all prior paragraphs and allegations referenced herein.

[¶57]   Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief, and to challenge Article 10 §32 of the Florida Constitution both facially and as applied.

[¶58]   Article 10, § 32 of the Florida Constitution unreasonably and unnecessarily impaired the obligations of private contracts.   "A state can no more impair the obligation of an antecedent contract by adopting a Constitution or amending its Constitution than by passing or amending a statute."   State ex rel. Woman's Ben. Ass'n v. Port of Palm Beach Dist., 121 Fla. 746, 761, 164 So. 851, 857 (1935).   The passage of Article 10, § 32 of the Florida Constitution impaired the contracts of all people engaged in the business of dog racing in the State of Florida.

**COUNT FOUR**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**

[¶59]   Plaintiffs re-allege and incorporate all prior paragraphs and allegations referenced herein.

[¶60]   Plaintiffs seek to ensure that their fundamental right to their property is recognized by the State of Florida.

[¶61]   Article 10, §32 of Florida's Constitution denies the Plaintiff's property rights without due process of law, as guaranteed under the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Florida.

## RELIEF REQUESTED

[¶62]   **WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in Plaintiffs' favor and against Defendants and awarding the following relief:

[¶63]   Preliminarily and permanently enjoining the enforcement of Article 10 §32 of the Florida Constitution. The declaratory and injunctive relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

[¶64]   A declaration that Article 10 §32 of the Florida Constitution is unconstitutional under the Equal Protection Clause, Due Process, and the Fifth and Fourteenth Amendments of the United States Constitution.

[¶65]   Costs and attorneys' fees pursuant to 28 U.S.C. §§ 1983 and 1988, and any other applicable statue or authority.

[¶66]   Any other relief this Court may grant in its discretion.

Respectfully,

Dawn M. Alba                                  Signed: *Dawn Alba, Esq.*
Alba Law Office, PA                           _____
Attorney for Plaintiffs                       Florida Bar Number 112814
303 Evernia Street, Suite 300
West Palm Beach, FL  33401
Dawn@Albalawoffice.com
(561) 537-1022

13